Gary L. ELLIOTT, Plaintiff,

v.

TRW INC., Defendant.

Civ. A. No. 3:CV–93–1501–P.

United States District Court,
N.D. Texas,
Dallas Division.

July 6, 1995.

John E. Wall, Jr., Dallas, TX, for plaintiff.

Jerome R. Doak, Lisa K. Vaughn, Jones, Day, Reavis & Pogue, Dallas, TX, for defendant.

## ORDER

SOLIS, District Judge.

Presently before the Court are TRW Inc.'s ("TRW's") Motion For Summary Judgment filed on September 16, 1993, Plaintiff's Response filed on October 6, 1993 and TRW's Reply filed on October 21, 1993. Plaintiff alleges claims of defamation and violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t ("FCRA") against Defendant.

BACKGROUND

On May 13, 1988, a $200 judgment was entered against Plaintiff in favor of Brandon Mills Apartments resulting from Plaintiff's failure to pay rent. On June 20, 1991, Plaintiff satisfied the judgment. Plaintiff alleges that on or about June 20, 1991, Plaintiff presented TRW, a consumer reporting agency, with a copy of the release of judgment requesting that TRW update his credit report to reflect Plaintiff's payment of the judgment. TRW allegedly claimed that the date was unclear on the release of judgment and requested that Plaintiff obtain a statement from Brandon Mills Apartments verifying his payment. On July 8, 1991, Plaintiff presented TRW with a letter from a representative of Brandon Mills Apartments stating that the judgment was satisfied. On July 31, 1991, TRW claims that it requested the deletion of the judgment on Plaintiff's credit report, and the judgment was removed from the report on August 1, 1991.

As a result of the judgment on his credit report, Plaintiff alleges that he was denied credit from three creditors: NCNB (now known as NationsBank), Metrocell Cellular Co. ("Metrocell"), and Red Oak State Bank ("Red Oak"). Among other things, Plaintiff claims that TRW acted unreasonably in reporting Plaintiff's credit report, and deleting the information regarding the outstanding judgment from the report on a timely basis.

DISCUSSION

In his Response, Plaintiff admits that the FCRA preempts his first cause of action of defamation because he "never alleged that his damages were the result of malice toward Plaintiff or a willful intent to injure Plaintiff." Response, p. 3. Accordingly, Defendant is entitled to summary judgment regarding Plaintiff's defamation claim. The Court next discusses Plaintiff's remaining FCRA claim.

*FCRA Claim*

Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). Section 1681i provides, in part, the following:

> If the completeness or accuracy of any item of information contained in his file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information unless it has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant. If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information.

15 U.S.C. § 1681i.

The standard of conduct in judging the adequacy of consumer reporting agency procedures is what a reasonably prudent person would do under the circumstances. *Thompson v. San Antonio Retail Merchants Association,* 682 F.2d 509, 513 (5th Cir.1982).

The offensive information in the credit report must be shown to be inaccurate, prior to an inquiry into the reasonableness of the reporting procedures. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991).

Plaintiff disputes that the information on his credit report regarding the judgment entered against him was accurate. However, TRW has supplied a copy of the judgment entered against Plaintiff on May 18, 1988. TRW Ex. A. Moreover, Plaintiff admits that on June 20, 1991, he satisfied the May 13, 1988 judgment and received a release of the judgment. TRW Ex. B., p. 8. In fact, TRW has presented the Court with a certified copy of the release of the May 13, 1988 judgment. TRW Ex. C. Plaintiff has not supplied any evidence to show that his credit report was inaccurate as of June 20, 1991, the date that he obtained a release of the judgment. Therefore, the Court finds that TRW's reporting of the judgment was accurate as of June 20, 1991.

█ Plaintiff alleges that on or about June 20, 1991, Plaintiff personally presented Defendant with a signed copy of the release of judgment dated June 20, 1991. Plaintiff requested that his credit report be updated accordingly, "but the Defendant claimed that the date was not clear on the release and told him that he would need to get another statement from Brandon Mills Apartments to verify that he did not owe them money." Response, p. 4. On July 8, 1991, Plaintiff submitted a letter from Sherry Chumley, Community Director of Brandon Mills Apartments, which confirmed that Plaintiff's account was satisfactory. TRW Ex. B. Thus, Plaintiff argues that a fact issue remains for trial as to whether TRW's reporting information that Plaintiff still had an outstanding judgment after June 20, 1991 was accurate. Additionally, Plaintiff argues that TRW did not act reasonably with respect to its duty to reinvestigate and update its report in a timely manner.

█ Initially, the Court finds that TRW's response to Plaintiff on or about June 20, 1991, when Plaintiff first showed TRW the release of judgment, was reasonable in light of the fact that the date on the release of judgment is unclear. TRW Ex. C. The date on the release of judgment appears to state that it was entered on June 20, 1999. TRW Ex. C. Thus, Plaintiff provided adequate notice to TRW relating to the release of judgment as of July 8, 1991.

Furthermore, TRW has supplied sufficient evidence to show that on July 31, 1991, TRW requested the deletion of the 1988 judgment. Currie Aff., Ex. D, Currie Supp.Aff., Ex. 1, Elliott Reports, Ex. 2 and Ex. 3. In addition, TRW has supplied sufficient summary judgment evidence to show that the information relating to Plaintiff's outstanding judgment was deleted from his report the next day on August 1, 1991. *Id.* Thus, within approximately 24 days after receiving the letter confirming that the judgment had been released, TRW deleted the outstanding judgment from Plaintiff's credit report.

This Court has previously held that if the credit reporting agency can determine the nature of the dispute in good faith, the agency should complete its reinvestigation and delete the disputed item from the credit report within 30 days of receipt of the consumer's dispute. *FTC v. TRW, Inc.*, 784 F.Supp. 361, 363 (N.D.Tex.1991). After considering the evidence in this case, the Court finds that Plaintiff has failed to show that TRW acted unreasonably in deleting the outstanding judgment from Plaintiff's credit report within approximately 24 days from receiving adequate notice that the judgment had been released.

█ The Court further notes that out of the three creditors that Plaintiff alleges denied him credit due to TRW's alleged violations of the FCRA, only Red Oak inquired about Plaintiff's credit during the 24 day period discussed above. NCNB inquired on June 19, 1991, the day before Plaintiff satisfied the judgment. TRW Ex. E. Thus, TRW cannot be at fault with respect to NCNB's inquiry because the information in Plaintiff's credit report was accurate at the time of this inquiry.

Furthermore, Metrocell inquired on August 14, 1991, which was approximately 14 days after the information was deleted from Plaintiff's credit report. TRW Ex. E. De-

fendant supplied a copy of Plaintiff's credit report as of August 14, 1991 showing Metrocell's inquiry, and the fact that the information pertaining to the judgment had already been deleted. Therefore, Metrocell's denial of credit cannot be attributed to any unreasonable conduct of TRW because the information contained in Plaintiff's report at the time of Metrocell's inquiry was accurate.

■ Hence, only Red Oak's inquiry occurred within the 24 day period between the date that TRW received adequate notice and the date that TRW deleted the information from Plaintiff's credit report. TRW Ex. E. Red Oak's inquiry occurred on July 23, 1991, only fifteen days after Plaintiff provided TRW with adequate notice that he satisfied the judgment. TRW Ex. E. Moreover, Red Oak's declination letter noted that in addition to the outstanding judgment, it was denying Plaintiff credit due to insufficient value of collateral. TRW Ex. B. Plaintiff has failed to show a genuine issue of material fact that TRW acted unreasonably in deleting the information regarding the judgment from his credit report, or that any of his alleged injuries resulted from TRW's unreasonable conduct.

In summary, the Court finds that Plaintiff has failed to show a genuine issue of material fact that TRW has violated the FCRA with respect to reporting Plaintiff's information in his credit report.

It is hereby Ordered that Defendant's Motion For Summary Judgment is granted with respect to all of Plaintiff's claims.

SO ORDERED.